## Knight v. The State.

1. The acts of September 19th, 1881, and October 26th, 1889, being unconstitutional, as ruled in *Crabb* v. *The State*, this term, sections 809(b) and 809(g) of the code, requiring liquor dealers to register, were in force in Polk county in December, 1890, the general local option act not having been adopted in that county until afterwards.
2. The other points in the case are also controlled by *Crabb* v. *The State, supra.*                    *Judgment affirmed.*

February 1, 1892.

The indictment against Knight, agent of the United States Express Company in Cedartown, charged that he on December 23, 1890, in Polk county "did unlawfully sell brandy, wine, whisky, beer and other spirituous and malt liquors without and before first having gone before the ordinary of said county and registered his name as a dealer in such liquors as prescribed in the code of Georgia and amendments thereto," etc. He excepted to the overruling of his demurrer and of his motion for new trial. The demurrer was as follows: The indictment is insufficient in that the charge is for violation of a statute which was not of force in the county at the date it was alleged the same was committed, for the reason that at the date of the commis-

sion of the alleged offence, the sale of liquors was absolutely and entirely forbidden by a local option law for said county under which an election had been held in 1881 and 1890, and under a special law forbidding the sale thereof in said county, passed in 1889, neither of which laws had been repealed on the day on which it was alleged in said bill of indictment that the offence was committed. For the questions made by the motion for a new trial, see the report of the *Crabb* case, *ante*.

BLANCE & NOYES and FRANK H. PLATT, for plaintiff in error.

A. RICHARDSON, solicitor-general, *contra*.